UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY MASSARO,

                Plaintiff,

     vs.                                        5:08-CV-0054
                                                                    (NAM)(DEP)

CENTRAL NEW YORK DEVELOPMENTAL
SERVICES OFFICE, and MARY ANN FLAGG,

                Defendants.

---

APPEARANCES:

Anthony Massaro
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

**I.    Background**

The Clerk has sent to the Court an amended complaint filed by Anthony Massaro ("plaintiff" or "Massaro") in response to this Court's Order dated January 24, 2008. *See* Dkt. No. 4, 5. The previous Order directed plaintiff to set forth his claims with detail sufficient to permit the Court to ascertain the type of claims plaintiff was asserting and the relief he sought. Dkt. No. 4.

**II.    Discussion**

    **A.    Plaintiff's Ability to Continue to Proceed *In Forma Pauperis***

The Court previously determined that plaintiff meets the financial criteria for commencing this action *in forma pauperis* and permitted him to proceed with this action *in forma pauperis*. Dkt. No. 4. Now, however, the Court must consider the sufficiency of the amended complaint filed by plaintiff in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*,

the Court

> (2) [S]hall dismiss the case at any time if the court determines that –
> . . .
> (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, it is the Court's responsibility to determine whether the amended complaint may properly be maintained before it may permit the plaintiff to continue with his action *in forma pauperis*. *Id.*

### B.  Plaintiff's Amended Complaint

Turning to plaintiff's amended complaint, the Court notes that plaintiff sets forth claims only against Mary Ann Flagg, Health Management Administrator for the Central New York Developmental Services Office, deleting the claims previously asserted in his original complaint directly against that office. Dkt. No. 5 at ¶ 3. Plaintiff asserts that Ms. Flagg has withheld information from him related to his father, William Bell, maintaining that he repeatedly requested records from Ms. Flagg and was denied access to them on multiple occasions. *Id.* at ¶¶ 8-9. Massaro further states that he was discriminated against based upon his status as a child born to two residents of the Rome State School, and that he was subject to unspecified human rights violations. *Id.* at ¶¶ 6-7.

Plaintiff once again has prepared his complaint on a form intended for use in actions arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*. Dkt. No. 5. In this regard, plaintiff claims that this action is brought pursuant to Title VII for employment discrimination based on race, color, religion, sex or national origin. *Id.* at ¶ 4. Based on the representations made in his complaint, however, the Court will assume that plaintiff meant to assert his claim alleging violation of his

civil rights pursuant to 42 U.S.C. § 1983, rather than under Title VII.

As was previously articulated in the Court's prior Order, Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (holding that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights") (citation omitted).

It appears from plaintiff's complaint that he seeks a Court Order requiring Mary Ann Flagg to provide him with his father's records.[1] Indeed, plaintiff has previously sought the very same relief from this Court in two prior related cases, which were dismissed, in part, for failure to state a claim upon which relief may be granted. *See Massaro v. New York State*, 5:06-CV-1516 (NAM/DEP); *Massaro v. State of New York*, 5:04-CV-868 (NAM/GHL). As the Court has conveyed to plaintiff in those prior actions, while it sympathizes with the difficulties plaintiff has experienced in obtaining his birth records, the Court cannot identify any legally cognizable claims under 42 U.S.C. § 1983 against either the Central New York Developmental Services Office or Mary Ann Flagg, as identified in plaintiff's original and amended complaints. Plaintiff does not claim or state that any state office or official has violated his constitutional rights nor can the Court discern any rights that the state or its employees may have violated in refusing to provide plaintiff with copies of his father's records pursuant to the confidentiality requirements of New York State Mental Hygiene Law § 33.13. Further, even if plaintiff had any claims against the state agency

---

[1] The Court notes that plaintiff has been informed twice by the Central New York Developmental Services Office that their office would be unable to provide his father's records without a court order or a legislative change. Dkt. No. 5 at 8, 11.

3

or officials identified, they likely would enjoy full immunity from suit based on the Eleventh Amendment. As this Court previously advised plaintiff, he may be able to obtain the Order he seeks from a <u>state court</u> pursuant to <u>Mental Hygiene Law §§ 33.13 and 33.16</u>.

It is true that, based on his claim that he is being discriminated against because he was born to two residents of the Rome State School, Massaro may be asserting a cause of action for violation of his right to equal protection under the law. The Equal Protection Clause directs state actors to treat similarly situated people alike. *See City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985). To prove a violation of the Equal Protection Clause, a plaintiff must demonstrate that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. *See Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citing, *inter alia*, *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767 (1987)). Plaintiff, however, fails to allege that he was treated differently than other similarly situated individuals as a result of purposeful, invidious discrimination perpetuated by Mary Ann Flagg and/or the Central New York Developmental Services Office, and directed at plaintiff as a member of a suspect class. Even construing Massaro's discrimination allegations as an equal protection claim, the Court cannot discern any basis on which to permit such a cause of action to proceed.

**III.   Conclusion**

Based on the foregoing, plaintiff has failed to state any claim upon which relief may be granted by this Court.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's *in forma pauperis* status is hereby REVOKED; and it is further

**ORDERED** that plaintiff's complaint is DISMISSED without prejudice; and it is further

**ORDERED** that because plaintiff has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue; the Court certifies that any appeal of this memorandum decision would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff in accordance with the Local Rules.

Dated: February 20, 2008
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge